1   Jeremy E. Shulman (# 257582)
      jshulman@afrct.com
2   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
3   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
4   Tel:  (626) 535-1900 | Fax:   (626) 577-7764

5   Attorneys for Defendant
    WELLS FARGO BANK, N.A.,
6   successor by merger to Wells Fargo
    Bank Southwest, N.A., f/k/a
7   Wachovia Mortgage, FSB and World
    Savings Bank, FSB ("Wells Fargo")

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12
    RICHARD FRIEDMAN, an individual;        CASE NO.: 2:14-cv-00123 BRO
13  and LESLIE FRIEDMAN, an                  (PLAx)
    individual;
14                                           **DEFENDANT WELLS FARGO
                     Plaintiffs,             BANK, N.A.'S NOTICE OF
15                                           MOTION AND MOTION TO
             v.                              DISMISS COMPLAINT;
16                                           MEMORANDUM OF POINTS AND
    WELLS FARGO BANK, NA., an                AUTHORITIES**
17  National Association, SUCCESSOR BY
    MERGER TO WELLS FARGO BANK
18  SOUTHWEST, NA F/K/A
    WACHOVIA MORTGAGE FSB F/K/A              Date:   February 24, 2014
19  WORLD SAVINGS BANK, FSB;                 Time:   1:30 p.m.
    NDEX WEST, LLC, a Delaware limited       Ctrm:   14
20  liability corporation; and DOES 1
    THROUGH 100, inclusive ,
21                                           [Assigned to the Hon. Beverly Reid
                     Defendants.             O'Connell]
22

23

24  **TO PLAINTIFFS:**

25       **PLEASE TAKE NOTICE** that on February 24, 2014, at 1:30 p.m. in

26  Courtroom 14 of the above-entitled Court, located at 312 North Spring Street Los

27  Angeles, California, the Honorable Beverly Reid O'Connell presiding, defendant

28  Wells Fargo Bank, N.A., successor by merger to Wells Fargo Bank Southwest,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

N.A., f/k/a Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo") will move for an order dismissing plaintiffs' complaint for failure to state a claim pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

Grounds for the motion are:

**1. First Claim: Injunctive Relief**

Plaintiffs fail to state a claim for injunctive relief because (i) the state law claim is preempted by the federal Home Owners' Loan Act; (ii) injunctive relief is not an independent claim; (iii) the complaint concedes Civil Code § 2923.5 compliance and plaintiffs were denied for a modification; (iv) loan origination disclosure issues are time barred; (v) NDEX has authority to act under the recorded substitution of trustee; and (vi) dual-tracking is without merit because plaintiffs were denied a modification and do not allege a documented material change in financial circumstances.

**2. Second Claim: Cal. Civil Code § 2923.5**

Plaintiffs fail to state a claim under Cal. Civil Code § 2923.5 because (i) the state law claim is preempted by the federal Home Owners' Loan Act; and (ii) the complaint concedes Civil Code § 2923.5 compliance and plaintiffs were denied for a modification;

**3. Third Claim: Cal. Civil Code § 2923.6(c)**

Plaintiffs fail to state a claim under Cal. Civil Code § 2923.6(c) because (i) the state law claim is preempted by the federal Home Owners' Loan Act; (ii) the complaint fails to clearly allege any compete application was pending at the time a foreclosure notice was recorded; and (iii) dual-tracking is without merit because plaintiffs were denied a modification and do not allege a documented material change in financial circumstances.

/ / /

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 4.  Fourth Claim: Cal. Civil Code §2924

Plaintiffs fail to state a claim under Cal. Civil Code § 2924 because (i) the state law claim is preempted by the federal Home Owners' Loan Act; and (ii) NDEX has authority to act under the recorded substitution of trustee.

### 5.  Fifth Claim: Fraud

Plaintiffs fail to state a claim for fraud because (i) the state law claim is preempted by the federal Home Owners' Loan Act; (ii) NDEX has authority to act under the recorded substitution of trustee; (iii) a purported breach of contract claim cannot be restated as a tort; (iv) plaintiffs cannot allege a misrepresentation as they were reviewed and denied for a modification; (v) plaintiffs cannot allege justifiable reliance since they had a preexisting legal obligation to make payments on the loan; and (vi) plaintiffs fail to adequately plead damages.

### 6.  Sixth Claim: Negligence

Plaintiffs fail to state a claim for negligence because (i) the state law claim is preempted by the federal Home Owners' Loan Act; and (ii) a lender owns no duty of care in processing a loan modification application.

### 7.  Seventh Claim: Cal. Bus. & Prof. Code § 17200

Plaintiffs fail to state a claim under Cal. Bus. & Prof. Code § 17200 because (i) the state law claim is preempted by the federal Home Owners' Loan Act; (ii) plaintiffs fail to plead a predicate of an unlawful, unfair or fraudulent business practice; and (iii) plaintiffs lack standing as the complaint fails to adequately plead injury in fact.

### 8.  Eighth Claim: Declaratory Relief

Plaintiffs fail to state a claim for declaratory relief because (i) the state law claim is preempted by the federal Home Owners' Loan Act; (ii) NDEX has authority to act under the recorded substitution of trustee; and (iii) a request for declaratory relief is not a stand-alone claim.

1    As required by Local Rule 7-3, plaintiffs' counsel and counsel for Wells

2  Fargo met and conferred on January 13, 2014, prior to the filing of this motion.

3  Counsel for Wells Fargo attempted to reach plaintiffs' counsel on January 10, 2014

4  by telephone, but was unable to do so until January 13, 2014.  After conferring, the

5  parties were unable to resolve the issues raised by this motion.

6

7                                          Respectfully submitted,

8  Dated:  January 17, 2014              ANGLIN, FLEWELLING, RASMUSSEN,
                                          CAMPBELL & TRYTTEN LLP
9

10

11                                        By:  ____*/s/ Jeremy E. Shulman*____
                                             Jeremy E. Shulman
12                                           jshulman@afrct.com
                                          Attorneys for Defendant
13                                        WELLS FARGO BANK, N.A., successor
                                          by merger to Wells Fargo Bank Southwest,
14                                        N.A., f/k/a Wachovia Mortgage, FSB and
                                          World Savings Bank, FSB
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# <u>TABLE OF CONTENTS</u>

Page

MEMORANDUM OF POINTS AND AUTHORITIES...........................................1

1.   INTRODUCTION.................................................................................1

2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY
     NOTICEABLE DOCUMENTS ..............................................................1

3.   THE HOME OWNERS' LOAN ACT PREEMPTS PLAINTIFF'S
     STATE LAW CLAIM. ...........................................................................3

     A.   As A Federally-Chartered Savings Bank, World Savings Bank,
          FSB Operated Under HOLA. ..........................................................3

     B.   The U.S. Treasury's Office Of Thrift Supervision Intended That
          HOLA Apply After The Transfer Of A Loan Originated By A
          Federal Savings Bank ("FSB")........................................................3

     C.   The Parties Agreed That HOLA And Its Regulations Would
          Govern, And Apply To Successor Lenders And Beneficiaries...........6

     D.   OTS Regulations Promulgated Under HOLA Preempt Any
          State Laws Which Affect Loan Disclosures And Lending
          Regulation. .....................................................................................9

     E.   State Laws Preempted by HOLA.....................................................9

     F.   The Application of HOLA Preempts Each State Law Claim
          Against Wells Fargo. ....................................................................11

4.   THE COMPLAINT OTHERWISE FAILS TO STATE ANY
     ACTIONABLE CLAIM FOR RELIEF. ..................................................13

     A.   Injunctive Relief Is Not An Independent Claim And The
          Underlying Claims Regarding Pre-Notice of Default Contact
          And Dual Tracking Are Without Merit (First, Second and Third
          Claims). .........................................................................................13

     B.   Plaintiffs Have No Valid Challenge Regarding NDEX's
          "Standing" To Foreclose (Fourth Claim)........................................16

     C.   Plaintiffs Fail To State A Claim For Fraud (Fifth Claim). ..............17

     D.   The Negligence Claim Fails Without A Duty Of Care (Sixth
          Claim)............................................................................................19

     E.   The 17200 Claim Fails For The Same Reasons As The
          Preceding Claims (Seventh Claim)..................................................21

     F.   Plaintiffs Have Not Asserted A Basis For Declaratory Relief
          (Eighth Claim)...............................................................................22

5.   CONCLUSION ....................................................................................23

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

i

1

# <u>TABLE OF AUTHORITIES</u>

2

**FEDERAL CASES**

Page(s)

3

4

*Amerisource Bergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 946 (9th Cir. 2006) .............................................................................. 23

5

6

*Armstrong v. Chevy Chase Bank, FSB*,
    2012 U.S. Dist. LEXIS 144125 (N.D. Cal. Oct. 3, 2012) ................................. 19

7

8

*Babb v. Wachovia Mortgage, FSB*,
    2013 U.S. Dist. LEXIS 106228 (C.D. Cal. July 26, 2013) ........................... 8, 12

9

10

*Begley v. Wells Fargo Home Mortgage*,
    No. CV 13-3681 BRO (C.D. Cal. Oct. 28, 2013) ............................................... 8

11

12

*Biggins v. Wells Fargo & Co.*,
    266 F.R.D. 399 (N.D. Cal. July 27, 2009) ........................................................ 11

13

*Bowles v. Reade*,
    198 F.3d 752 (9th Cir. 1999) .............................................................................. 23

14

15

*Cabriales v. Aurora Loan Servs.*,
    2010 U.S. Dist. LEXIS 24726 (N.D. Cal. Mar. 2, 2010) .................................. 22

16

17

*Caovilla v. Wells Fargo Bank, N.A.*,
    2013 U.S. Dist. LEXIS 70143 (N.D. Cal. May 16, 2013) ................................ 17

18

19

*Commercial Union Ins. Co. v. Walbrook Ins. Co.*,
    41 F.3d 764 (1st Cir. 1994) ................................................................................ 23

20

21

*De Ferguson v. Wachovia Mortgage, FSB*,
    2012 U.S. Dist. LEXIS 79501 (C.D. Cal. Jun. 4, 2012) ................................... 11

22

23

*DeLeon v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011) ................................... 22

24

*DeLeon v. Wells Fargo Bank, N.A.*,
    729 F. Supp. 2d 1119 (N.D. Cal. June 9, 2010) .......................................... 10, 22

25

26

*Deschaine v. IndyMac Mortg. Servs.*,
    2013 U.S. Dist. LEXIS 163203 (E.D. Cal. Nov. 15, 2013) .............................. 20

27

28

*Fidelity Fed. Savs. & Loan Ass'n v. de la Cuesta*,
    458 U.S. 141 (1982) ............................................................................................. 5

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ii

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*First Gibraltar Bank, FSB v. Morales*,
   42 F.3d 895 (5th Cir. 1995) ...................................................................5

*Giordano v. Wachovia Mortg., FSB*,
   2010 WL 5148428 (N.D. Cal. Dec. 14, 2010) ....................................11

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
   100 F. Supp. 2d 1086 (C.D. Cal. 1999) (reciting California elements) .............17

*Gonzales v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 154851 (N.D. Cal. Oct. 29, 2012) ..............................19

*Gorton v. Wells Fargo Bank NA*,
   2013 U.S. Dist. LEXIS 86006 (C.D. Cal. June 3, 2013)....................................12

*Guerrero v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010).............................2, 10

*Hoffman v. Bank of America, N.A.*,
   2010 U.S. Dist. LEXIS (N.D. Cal. June 30, 2010) ............................................21

*Hoffman v. Bank of America, N.A.*,
   2010 U.S. Dist. LEXIS 70455 (N.D. Cal. 2010)................................................20

*Ibarra v. Loan City*,
   2010 U.S. Dist. LEXIS 6583 (S.D. Cal. Jan. 27, 2010) ...................................12

*Javaheri v JP Morgan Chase Bank, N.A.*,
   2012 U.S. Dist. LEXIS 114510 (C.D. July 2012)..............................................11

*Kaplan v. Wells Fargo Bank NA*,
   2013 U.S. Dist. LEXIS 109023 (C.D. Cal. July 30, 2013) ...............................12

*Long Island Care at Home, Ltd. v. Coke*,
   551 U.S. 158 (2007) ............................................................................5

*Lyshorn v. J.P.Morgan Chase Bank, N.A.*,
   2013 U.S. Dist. LEXIS 157129 (N.D. Cal. Nov. 1, 2013)................................19

*Marquez v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013).........................8, 12

*Mata v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013) .......................8, 9, 12

*McNeeley v. Wells Fargo Bank N.A.*,
　2011 U.S. Dist. LEXIS 145322 (C.D. December 2011) ..................................... 11

*Mesde v. Am. Brokers Conduit*,
　2009 U.S. Dist. LEXIS 59632 (N.D. Cal. June 30, 2009) ................................ 16

*Meyer v. Ameriquest Mort. Co.*,
　342 F.3d 899 (9th Cir. 2003) ........................................................................... 14

*Moore v. Kayport Package Express, Inc.*,
　885 F.2d 531 (9th Cir. 1989) ........................................................................... 17

*Morgan v. Aurora Loan Servs., LLC*,
　2013 U.S. Dist. LEXIS 95713 (C.D. Cal. July 9, 2013) .................................. 18

*National Union Fire Ins. Co. v. Karp*,
　108 F.3d 17 (2d Cir. 1997) ............................................................................... 22

*Naulty v. GreenPoint Mortg. Funding, Inc.*,
　2009 U.S. Dist. LEXIS 79250 (N.D. Cal. Sept. 3, 2009).................................... 9

*Neu v. Terminix Int'l, Inc.*,
　2008 U.S. Dist. LEXIS 32844 (N.D. Cal. Apr. 8, 2008) ................................ 21

*Norris v. Hearst Trust*,
　500 F.3d 454 (5th Cir. 2007) ............................................................................... 6

*Pazargad v. Wells Fargo Bank, N.A.*,
　2011 U.S. Dist. LEXIS 94850, at **6-7 (C.D. Cal. Aug. 23, 2011)................. 23

*Progressive Consumers Fed. Credit Union v. United States*,
　79 F.3d 1228 (1st Cir. 1996) ............................................................................... 7

*Rockridge Trust v. Wells Fargo, N.A.*,
　2013 U.S. Dist. LEXIS 139606 (N.D. Cal. Sept. 25, 2013)............................. 16

*Sabherwal v. Bank of N.Y. Mellon*,
　2013 U.S. Dist. LEXIS 129203 (S.D. Cal. Sept. 10, 2013) ........................ 13, 15

*Settle v. World Savings Bank, FSB*,
　2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012)................................... 20

*Silvas v. E*Trade Mortg. Corp.*,
　514 F.3d 1001 (9th Cir. 2008) ............................................................................. 9

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Snyder v. Wachovia Mortg.*,
   2010 U.S. Dist. LEXIS 68956 (E.D. Cal. July 9, 2010) ................................... 12

*Sullivan v. JP Morgan Chase Bank, NA*,
   725 F. Supp. 2d 1087 (E.D. Cal. 2010) .............................................................. 19

*Taguinod v. World Sav. Bank, FSB*,
   755 F. Supp. 2d 1064 (C.D. Cal. Dec. 2, 2010) ........................................... 2, 11

*Thu Ha Nong v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 136464 (C.D. Cal. Dec. 6, 2010) .............................. 13

*United States v. Mead Corp.*,
   533 U.S. 218 (2001) ............................................................................................. 5

*Winding v. Cal-Western Reconveyance Corp.*,
   2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 24, 2011) .................................... 12

*Wool v. Tandem Computers, Inc.*,
   818 F.2d 1433 (9th Cir. 1987) ........................................................................... 17

*Zarif v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 29867 (S.D. Cal. Mar. 23, 2011)................................... 11

*Zlotnik v. U.S. Bancorp, et al.*,
   2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) .............................. 10

**STATE CASES**

*Aceves v. U.S. Bank N.A.*,
   192 Cal. App. 4th 218 (2011).................................................................... 14, 16

*Akopyan v. Wells Fargo Home Mortg., Inc.*,
   215 Cal. App. 4th 120 (2013)......................................................................... 7, 8

*Brown v. Rea*,
   150 Cal. 171 (1907)............................................................................................. 13

*Conrad v. Bank of America*,
   45 Cal. App. 4th 133 (1996)............................................................................... 20

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079 (2007)........................................................................... 21

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Eddy v. Sharp,*
199 Cal. App. 3d 858 (1988) ................................................................. 19

*Fields v. Napa Milling Co.,*
164 Cal. App. 2d 442 (1958) ................................................................. 21

*Hall v. Time, Inc.,*
158 Cal. App. 4th 847 (2008) ................................................................. 22

*Jolley v. Chase Home Finance, LLC,*
213 Cal. App. 4th 872 (2013) ................................................................. 20

*Khoury v. Maly's of California, Inc.,*
14 Cal. App. 4th 612 (1993) ................................................................. 21

*Korea Supply Company v. Lockheed Martin Corporation,*
29 Cal. 4th 1134 (2003) ................................................................. 21

*Lazar v. Superior Court,*
12 Cal. 4th 631 (1996) ................................................................. 17

*Lopez v. World Savings & Loan Ass'n,*
105 Cal. App. 4th 729 (2003) ................................................................. 9

*Mabry v. Superior Court,*
185 Cal. App. 4th 208 (2010) ................................................................. 20, 21

*Maudlin v. Pacific Decision Sciences Corp.,*
137 Cal. App. 4th 1001 (2006) ................................................................. 7

*Nymark v. Heart Fed. Savs. & Loan Ass' n,*
231 Cal. App. 3d 1089, 1096 (1991) ................................................................. 19

*Quelimane Co. v. Stewart Title Guar. Co.,*
19 Cal. 4th 26 (1998) ................................................................. 20

*Shell Oil Co. v. Richter,*
52 Cal. App. 2d 164 (1942) ................................................................. 13

*Software Design and Application Ltd. v. Hoeffer & Arnolt Inc.,*
49 Cal. App. 4th 472 (1996) ................................................................. 19

*Stansfield v. Starkey,*
220 Cal. App. 3d 59 (1990) ................................................................. 17

*Weiss v. Washington Mutual Bank*,
   147 Cal. App. 4th 72 (2007) .................................................................... 9

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal. App. 3d 1324 (1986) ............................................................... 17

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq.* ........................................................................ 3

15 U.S.C. § 1640(e) ............................................................................... 14

28 U.S.C. §§ 2201, 2202 ........................................................................ 22

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................ 21

Cal. Bus. & Prof. Code § 17200, and (8) ................................................ 3

Cal. Bus. & Prof. Code § 17204 ............................................................ 21

Cal. Civ. Code § 2923.5 .............................................................. 2, 11, 13, 14

Cal. Civ. Code § 2923.5 (3) ..................................................................... 3

Cal. Civ Code § 2923.6 ................................................................ 11, 13, 15

Cal. Civ. Code § 2923.6(c) ..................................................................... 15

Cal. Civ. Code § 2923.6(c), (4) ............................................................... 3

Cal. Civ. Code § 2923.6(g) .......................................................... 15, 16, 18

Cal. Civ. Code § 2924 ........................................................................... 22

Cal. Civ. Code § 2924(1)(a), (5) .............................................................. 3

Cal. Civ. Code § 2924.12(c) .................................................................. 15

Cal. Civ. Code § 2934a ................................................................... 14, 16

Cal. Com. Code § 3-301 ........................................................................ 16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RULES**

Fed. R. Civ. P. 9(b) ................................................................................ 17

Fed. R. Evid. 201(b) ................................................................................ 6

**REGULATIONS**

12 C.F.R. § 545.2 ..................................................................................... 9

12 C.F.R. § 560.2 ..................................................................................... 4

12 C.F.R. § 560.2(a) ................................................................................ 6

12 C.F.R. § 560.2(b) ................................................................................ 9

12 C.F.R. § 560.2(b)(4) ....................................................................... 10, 11

12 C.F.R. § 560.2(b)(4) & (10) ................................................................ 12

12 C.F.R. § 560.2(b)(5) ........................................................................... 10

12 C.F.R. § 560.2(b)(7) ....................................................................... 10, 12

12 C.F.R. § 560.2(b)(9) ........................................................................... 10

12 C.F.R. § 560.2(b)(10) ................................................................ 4, 10, 11, 12

**OTHER AUTHORITIES**

5 Witkin, *California Procedure*, Pleading, §§ 823, 825 (5th ed. 2008) .................. 13

9 Witkin, *Summary of Cal. Law*, Corporations § 198 (10th ed. 2005) ............. 7, 10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

viii

Anglin Flewelling Rasmussen Campbell & Trytten llp

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Plaintiffs bring this action against Wells Fargo to further delay a foreclosure that originally commenced with a Notice of Default in 2011.  Following a lengthy detour through Bankruptcy Court, plaintiffs filed this case in an apparent attempt to further stall foreclosure proceedings without any basis for doing so.[1]  Among other arguments, plaintiffs challenge the standing of trustee NDEX to record foreclosure notices.  Plaintiffs also allege that Wells Fargo failed to comply with pre-Notice of Default contact requirements and recorded a Notice of Sale with a loan modification application pending.  These arguments and others raised in the complaint are without merit.  The complaint fails to state any viable cause of action and all of the state law loan servicing claims are preempted by the Home Owners' Loan Act.

For reasons briefed below, the Court should grant Wells Fargo's motion to dismiss without leave to amend.

## 2.   SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS

In 2007, plaintiffs obtained a loan from World Savings Bank, FSB, for $645,000.00 (the "Loan"), secured by a Deed of Trust recorded against 3453 Maplewood Avenue, Los Angeles, California  (the "Property").  (Comp. ¶¶1, 8; Request for Judicial Notice ("RJN") Exhs. A, B, Note and Deed of Trust.)

In January 2008, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB, which then converted and merged with Wells Fargo Bank, N.A. in

---

[1]  Wells Fargo voluntarily agreed to postpone the January 10, 2014 Trustee's Sale following its removal of this action to District Court.  (See Comp. ¶38, Notice of Removal at p. 2, fn. 1.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    November 2009.[2]  (Comp. ¶¶2, 10; RJN Exh. C, D, E, F, G.)  Existing case law

2    establishes that Wells Fargo is the legal successor to World Savings.  *Taguinod v.*

3    *World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1068 (C.D. Cal. Dec. 2, 2010)

4    ("Wells Fargo's acquisition of World Savings Bank, FSB does not affect the

5    HOLA preemption defense because the Complaint only addresses the transaction

6    between Plaintiffs and World Savings Bank, FSB."); *Guerrero v. Wells Fargo*

7    *Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, *8 (C.D. Cal. Sept. 14, 2010) ("Where

8    a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a

9    federal savings bank, it is proper to apply preemption under HOLA.")

10          Plaintiffs alleges that they fell behind on the Loan payments and received

11   various foreclosure-related notices from defendants.  (Comp. ¶¶14, 19, 30, 33.)

12   Those notices included: (a) an August 2011 Notice of Default reciting Loan arrears

13   through August 2, 2011 of $72,830,07, (b) an August 2011 Substitution of Trustee,

14   (c) a May 2013 Notice of Trustee's Sale, and (d) a September 2013 Notice of

15   Trustee's Sale.  (Comp. Exhs. A, B, C, D.)  The gap between the 2011 Notice of

16   Default and the May 2013 Notice of Sale appears to have resulted from a 2012

17   Bankruptcy in which Wells Fargo obtained relief from the automatic stay.  (Comp.

18   ¶¶26, 27.)  The complaint alleges that Wells Fargo was "ordered" to negotiate a

19   loan modification at the October 23, 2012 bankruptcy hearing (Comp. ¶28, Exh.

20   C), yet the transcript of that hearing contains no such order.  (RJN Exh. H, October

21   23, 2012 Bankruptcy Hearing Transcript.)

22          Plaintiffs allege that Wells Fargo failed to engage in pre-Notice of Default

23   contact under Civil Code §2923.5.  (Comp. ¶16, 17.)  Plaintiffs generally challenge

24   the authority of substitute trustee NDEX to record foreclosure-related notices

25   despite the recorded substitution of trustee that is attached to the complaint as

26   _____

27   [2]  Reference to Wells Fargo in this motion shall include Wells Fargo Bank, N.A.
28   and the predecessor entities Wachovia Mortgage, FSB and World Savings Bank,
     FSB.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Exhibit B.  (Comp. ¶¶14, 19, 91)  Plaintiffs also raise numerous allegations that
2  Wells Fargo has not properly processed their modification application and has
3  "dual-tracked" by proceeding with foreclosure with modification applications
4  pending.  (E.g., Comp. ¶¶20, 29, 30, 32, 33, 46.)

5      Based on these allegations, plaintiffs assert claims for: (1) injunctive relief,
6  (2) Cal. Civ. Code §2923.5, (3) Cal. Civ. Code §2923.6(c), (4) Cal. Civ. Code
7  2924(1)(a), (5) fraud, (6) negligence, (7) Cal. Bus. & Prof. Code §17200, and (8)
8  declaratory relief.

9  **3.   THE HOME OWNERS' LOAN ACT PREEMPTS PLAINTIFF'S**
10  **STATE LAW CLAIM.**

11  **A.   As A Federally-Chartered Savings Bank, World Savings Bank, FSB**
12  **Operated Under HOLA.**

13      Plaintiffs obtained the loan from World Savings in July 2007.  (RJN, Exhs.
14  A, B.)  At that time, World Savings was a federally chartered savings association
15  regulated by the Office of Thrift Supervision ("OTS").  (See RJN, Exh. C.)  As a
16  federal savings bank, World Savings was organized and operated under the Home
17  Owners' Loan Act ("HOLA").  12 U.S.C. § 1461, *et seq*.  (RJN, Exh. E - Section 4
18  of Wachovia's Charter.)

19  **B.   The U.S. Treasury's Office Of Thrift Supervision Intended That HOLA**
20  **Apply After The Transfer Of A Loan Originated By A Federal Savings**
21  **Bank ("FSB").**

22      In 1985, the U.S. Treasury's Federal Home Loan Bank Board ("FHLBB")
23  issued a regulatory opinion finding that HOLA's preemption continues to apply to
24  a loan that is originated, but later transferred by a FSB:

25         It is our opinion that [HOLA] preemption would exist regardless
26         of whether the loans in question are sold by the federal
27         association to a third party, are being serviced by a third party,

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1        or whether the escrow deposits are held at a federal association

2        while the loans have been sold in the secondary market.

3  Op. Gen. Counsel, FHLBB (Aug. 13, 1985) (the "FHLBB Opinion Letter"),

4  available at 1985 FHLBB LEXIS 178, at *5 (emphasis added).  (RJN, Exh. I.)

5        In 2003, the FHLBB's successor -- the OTS – found that HOLA's 12 C.F.R.

6  § 560.2 preempted a New Jersey Predatory Lending Law even though the assignee

7  of the loan was not an FSB:  The OTS succinctly summarized the question before

8  it:

9        You further ask whether purchasers or assignees of loans

10       originated by federal savings associations would be subject to

11       claims and defenses that would not apply to the federal savings

12       association that originated the loans . . . .

13  The OTS provided its definitive answer to that question:

14       [W]here the original creditor is a federal savings association, the

15       borrower's ability to assert claims and defenses against that type

16       of creditor is limited by federal preemption . . . . This result

17       would be consistent with the general principle that loan terms

18       should not change simply because an originator entitled to

19       federal preemption may sell or assign a loan to an investor that is

20       not entitled to federal preemption[.]

21  OTS Opinion Letter No. P-2003-5 (July 22, 2003) (the "2003 OTS Opinion

22  Letter"), at pp. 6-7, n. 18, available at 2003 OTS LEXIS 6, p. 5 (at *13) (OTS

23  2003).  (RJN, Exh. J.)

24       Therefore, since at least 1985, federal regulators have intended HOLA

25  preemption to survive the sale or transfer of FSB-originated loans to parties that

26  are not otherwise entitled to assert HOLA preemption.  Finding otherwise,

27  according to the FHLBB, might interfere with the FSB's "sale" of loans - - a right

28  that is itself free of state "imposed requirements."  12 C.F.R. § 560.2(b)(10).  And

1   according to the OTS, for a court not to apply HOLA to FSB-originated loans after

2   their sale or transfer would, in effect, change the loan documents.

3   A federal agency's interpretation of its own regulations is controlling, unless

4   it is plainly erroneous or inconsistent with the regulations.  *See Long Island Care*

5   *at Home, Ltd. v. Coke*, 551 U.S. 158, 170–171 (2007) (agency interpretation

6   controls FLSA wage and hour regulations); *see also United States v. Mead Corp.*,

7   533 U.S. 218, 235-37 (2001) (reversing lower court for failure to accord adequate

8   deference to informal agency interpretive letters); *First Gibralter Bank, FSB v.*

9   *Morales*, 42 F.3d 895, 897, 901 (5th Cir. 1995) (noting court "must" "[a]ccord

10  deference to the OTS's interpretation of its statutory authority").

11  The 2003 OTS Opinion Letter and the FHLBB Opinion Letter are, no doubt,

12  consistent with the Congressional intent and mandate that HOLA exclusively and

13  comprehensively preempt the field.  *See Fidelity Fed. Savs. & Loan Ass'n v. de la*

14  *Cuesta*, 458 U.S. 141, 153 (1982).

15  There is also no question that the 2003 OTS Opinion Letter remains

16  controlling even though the OTS operations were merged into the Office of the

17  Comptroller of the Currency ("OCC") pursuant to the Dodd Frank Act.  On

18  December 8, 2011, the OCC announced that all OTS regulatory guidance and

19  interpretations remained in effect unless they were specifically rescinded or

20  modified.  *See* OCC 2011-47, OTS Integration Letter, Supervisory Policy

21  Integration Process (Dec. 8, 2011) ("Integration Letter").  (RJN, Exh. K.)  Noting

22  that the OTS' responsibilities are now the OCC's duties effective July 21, 2011,

23  the Integration Letter provides:

24      As a result [of the 2010 Dodd-Frank Act], the OCC assumed the

25      responsibility for the ongoing supervision … and regulation of

26      federal savings associations. The legislation continues all OTS

27      orders, resolutions, determinations, agreements, regulations,

28      interpretive rules, other interpretations, guidelines, procedures,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    and other advisory materials in effect the day before the transfer

2        date.

3  (RJN Exh. K.)  The Integration Letter further explains that "OCC bulletins will

4  announce these rescissions.  To minimize confusion, documents will be

5  watermarked as rescinded on the OCC website, or former OTS website, as

6  applicable."  (RJN, Exh. K.)[3]  The 2003 OTS Opinion Letter has not been

7  watermarked, and therefore, it remains valid and controlling to this day.

8  **C.     The Parties Agreed That HOLA And Its Regulations Would Govern,**

9  **And Apply To Successor Lenders And Beneficiaries.**

10      HOLA still applies even though World Savings was ultimately merged into

11 Wells Fargo Bank, N.A.  First, the Note and Deed of Trust are governed by the

12 federal regulations that apply to a federally chartered savings institution:

13      **15.   GOVERNING LAW; SEVERABILITY.  This Security**

14      **Instrument and the Secured Notes shall be governed by and**

15      **construed   under   federal   law   and   federal   rules   and**

16      **regulations, including those for federally chartered savings**

17      **institutions ("Federal Law")** (emphasis in original)

18 (RJN, Exh. B, Deed of Trust at ¶15; RJN, Exh. A, Note at ¶12.)  And the "federal

19 rules and regulations…for federally chartered savings institutions…" include

20 HOLA and its regulations.  12 C.F.R. § 560.2(a).

21

22

---

23 [3] A court may take judicial notice of matters contained in public records.  *Norris v.*
24 *Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).  Accordingly, pursuant to
25 Federal Rule of Evidence 201, Wells Fargo requests that the Court take judicial
    notice of the 2003 OTS Opinion Letter, the FHLBB Opinion Letter, and the
26 Integration Letter, as well as take judicial notice of the information contained in
27 the referenced documents, as each document is a true and correct copy of
    documents reflecting official acts of the executive branch of the United States and
28 is publicly-available.  *See* Fed. R. Evid. 201(b).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Second, plaintiffs and Wells Fargo also agreed that "Lender's rights" under

2    the Deed of Trust survive a merger:

3         Similarly, any Person who takes over Lender's rights or

4         obligations under this Security Instrument will have all of

5         Lender's rights and will be obligated to keep all of Lender's

6         agreements made in this Security Instrument.

7    (RJN, Exh. B, Deed of Trust at ¶ 1.) "Lender" is defined in the Deed of Trust as:

8    "WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES.

9    Lender is a FEDERAL SAVINGS BANK, which is organized and exists under the

10   laws of the United States."  (RJN, Exh. B, Deed of Trust at ¶1(c) (emphasis in

11   original).)  The Note expands that definition, adding: "or anyone to whom this

12   Note is transferred."  (RJN, Exh. A, Note at ¶1.)  Plaintiff and Wells Fargo

13   therefore agreed that "all" "rights" of the "Lender", a federal savings bank, shall be

14   transferred to anyone "who takes over Lender's rights".

15       California law confirms that the surviving entity in a merger "succeeds to

16   the rights, property, debts, and liabilities, without other transfer."  9 Witkin, Sum.

17   Cal. Law, Corp. (10th Ed. 2005) § 198 p. 968; *Maudlin v. Pacific Decision*

18   *Sciences Corp.,* 137 Cal. App. 4th 1001, 1009-10 (2006) (contract rights of

19   acquired entity are unchanged by merger); *Progressive Consumers Fed. Credit*

20   *Union v. United States*, 79 F.3d 1228, 1238 (1st Cir. 1996) ("it is hornbook law

21   that the assignee of a mortgage succeeds to all of the assignor's rights power and

22   equities").

23       The post-merger application of HOLA was recently recognized by the

24   California Court of Appeal in *Akopyan v. Wells Fargo Home Mortg., Inc.*, 215 Cal.

25   App. 4th 120, 143 (2013), where the Court found that "the OTS intended to occupy

26   the field of lending regulation as to both federal thrifts and their loans."  The

27   *Akopyan* Court further noted:

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1      [T]he OTS extended preemption to federally originated loans

2      sold or assigned to investors not entitled to preemption on the

3      principle that "loan terms should not change simply because an

4      originator entitled to federal preemption may sell or assign a loan

5      to an investor that is not entitled to federal preemption." (OTS,

6      Opn. Letter No. P-2003-5 (July 22, 2003) p. 7, fn. 18.) Its

7      rationale was that state law "might interfere with the ability of

8      federal savings associations to sell mortgages that they originate

9      under a uniform federal system."

10 *Id*. at 148.

11     This rule is reflected in numerous District Court decisions on HOLA.  *See*

12 *Marquez v. Wells Fargo Bank*, *N.A.*, 2013 U.S. Dist. LEXIS 131364, at *11 (N.D.

13 Cal. Sept. 13, 2013) ("In this case, however, given that plaintiffs contracted with a

14 [FSB], and that the parties agreed to be bound by such laws under the terms of the

15 Deed of Trust, the court finds no bar to applying HOLA preemption."); *see also*

16 *Babb v. Wachovia Mortgage, FSB*, No. CV 12-02038 BRO (CWx), 2013 U.S.

17 Dist. LEXIS 106228, at *12-*13 (C.D. Cal. July 26, 2013) ("In this case, Plaintiffs

18 contracted with a [FSB].  Further, the parties agreed to be bound by such laws

19 under the terms of the trust deed.  Thus, HOLA preemption applies in this case.");

20 *Mata v. Wells Fargo Bank, N.A.*, No. CV 13-03771 BRO (CWx), 2013 U.S. Dist.

21 LEXIS 108197, at *11-*12 (C.D. Cal. July 31, 2013) ("Paragraph 15 of the Trust

22 Deed . . . states that the instrument 'shall be governed under federal law and

23 federal rules and regulations including those for federally chartered savings

24 institutions.'  The fact that World Savings Bank merged in[to] Wachovia and later

25 merged into Wells Fargo does not render HOLA inapplicable.") (internal citations

26 omitted); *Begley v. Wells Fargo Home Mortgage*, No. CV 13-3681 BRO (SHx)

27 (C.D. Cal. Oct. 28, 2013) ("Accordingly, because Plaintiff entered into an

28 agreement with a [FSB], and further agreed to be bound by the laws governing

1   federal savings institutions, HOLA preemption applies in this case.").

2   **D.   OTS Regulations Promulgated Under HOLA Preempt Any State Laws**
3   **Which Affect Loan Disclosures And Lending Regulation.**

4   OTS regulations issued pursuant to HOLA are "intended to preempt all state

5   laws purporting to regulate any aspect of the lending operations of a federally

6   chartered savings association, whether or not OTS has adopted a regulation

7   governing the precise subject of the state provision." *Lopez v. World Savings &*

8   *Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); see 12 C.F.R. § 545.2.  Preemption

9   under HOLA first questions whether the type of state law appears on the list set

10  forth in 12 C.F.R. § 560.2(b).  If it does, the analysis ends and the state law is

11  preempted.  There is no second step.  *Silvas, supra*, at 1005.  Any doubt is resolved

12  in favor of preemption.  *Weiss v. Washington Mutual Bank*, 147 Cal. App. 4th 72,

13  77 (2007) (among other things, fraud and UCL claims were preempted by HOLA).

14  It should be added that in determining whether a state law claim falls within one of

15  the categories of 12 C.F.R. § 560.2(b), courts focus on the "functional effect upon

16  lending operations of maintaining the cause of action", rather than the precise label

17  a plaintiff attaches to the claim.  *Naulty v. GreenPoint Mortg. Funding, Inc*., 2009

18  U.S. Dist. LEXIS 79250, *12 (N.D. Cal. Sept. 3, 2009).  As the Ninth Circuit

19  observed in *Silvas v. E*Trade Mortg. Corp*., 514 F.3d 1001, 1004-05 (9th Cir.

20  2008), the OTS's construction of its own regulation 560.2 "must be given

21  controlling weight" and the court went on to declare that any presumption against

22  preemption of state law does not apply to HOLA.  Any doubt should be resolved in

23  favor of preemption.  *Weiss, supra,* 147 Cal. App. 4th at 76-77.

24  **E.   State Laws Preempted by HOLA**

25  12 CFR § 560.2(b) provides for preemption of state laws that purport to

26  impose upon a federal savings bank and their successors[4] any requirements

27  _____

28  [4]  The application of HOLA applies to the successors of federal savings banks.  See
    e.g*., Mata v. Wells Fargo Bank, N.A*., 2013 U.S. Dist. LEXIS 108197, *12 (C.D.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    regarding:

2          * * *

3       •   **The terms of credit, including** amortization of loans

4          and the deferral and capitalization of interest and

5          **adjustments to the interest rate, balance, payments**

6          **due**, or term to maturity of the loan, including the

7          circumstances under which a loan may be called due

8          and payable upon the passage of time or a specified

9          event external to the loan; 12 C.F.R. § 560.2(b)(4)

10      •   **Loan-related fees**, including without limitation,

11          initial charges, late charges, prepayment penalties,

12          servicing fees, and overlimit fees; 12 C.F.R. §

13          560.2(b)(5)

14      •   **Security property**; 12 C.F.R. § 560.2(b)(7)

15      •   **Disclosure and advertising**; 12 C.F.R. § 560.2(b)(9)

16      •   **Processing**, origination, **servicing**, **sale** or purchase **of**, or

17          investment or participation in, **mortgages**; … 12 C.F.R.

18          § 560.2(b)(10) (emphasis added)

19

20   Cal. July 31, 2013) (in finding that HOLA applied to the acts of Wells Fargo, the

21   court noted that: "Plaintiffs contracted with a Federal Savings Bank. Further, the
parties agreed to be bound by such laws under the terms of the trust deed. Thus,

22   HOLA preemption applies in this case."); *Guerrero v. Wells Fargo Bank, N.A.*,
2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ("Where a national

23   association, such as [Wells Fargo Bank, N.A.], acquires the loan of a federal
savings bank, it is proper to apply preemption under HOLA."); *DeLeon v. Wells*

24   *Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1121 (N.D. Cal. June 9, 2010) (same);

25   *Zlotnik v. U.S. Bancorp, et al.*, 2009 U.S. Dist. LEXIS 119857, *17-26 (N.D. Cal.
Dec. 22, 2009) (same); see also, 9 Witkin, *Summary of Cal. Law, Corporations*

26   § 198 (10th ed. 2005) (In a merger the surviving entity "succeeds to the rights,

27   property, debts and liabilities, without other transfer.").

28

       10        CASE NO.: 2:14-CV-00123 BRO (PLAX)
MEMORANDUM OF POINTS AND
AUTHORITIES

* * *

**F.      The Application of HOLA Preempts Each State Law Claim Against Wells Fargo.**

All of plaintiffs' claims incorporate or include allegations that Wells Fargo did not comply with Cal. Civil Code §2923.5 pre-Notice of Default contact requirements.  (Comp. ¶¶16, 17, 50.  )  Such claims concern the servicing and processing of mortgages under section 560.2(b)(10) and are routinely dismissed as preempted by HOLA.  *Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at *13 (N.D. Cal. Dec. 14, 2010); *Taguinod v. World Savings Bank*, 755 F. Supp. 2d 1064, 1068 (C.D. Cal. Dec. 2, 2010)  (C.D. Cal. 2010) (holding 2923.5 to be preempted); *Javaheri v JP Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 114510, at *8-*10 (C.D. July 2012); *McNeeley v. Wells Fargo Bank N.A.*, 2011 U.S. Dist. LEXIS 145322, at *8 (C.D. December 2011); *De Ferguson v. Wachovia Mortgage, FSB*, 2012 U.S. Dist. LEXIS 79501, *17-*18 (C.D. Cal. Jun. 4, 2012) (overwhelming weight of authority has held that a Section 2923.5 claim is preempted by HOLA).

Similarly, plaintiffs' claims also incorporate allegations regarding the processing of loan modifications under Cal. Civil Code §2923.6 and common law theories.  (Comp. ¶¶19-24, 29, 31, 32, 46, 61-72, 95, 106, 114, 120.)  Such claims are preempted by 12 C.F.R. §560.2(b)(4) for "terms of credit" and "adjustments to interest rates," as well as § 560.2(b)(10) for processing and servicing of mortgages. Case law routinely finds allegations regarding modification activity to be preempted.  In *Biggins v. Wells Fargo & Co*., 266 F.R.D. 399, 417 (N.D. Cal. July 27, 2009), the borrower's UCL claim was preempted to the extent it was premised on the contention that the lender refused to engage in good faith modification discussions.  Because this allegation directly related to the duties that lenders may owe the borrower, the court found that the "servicing" prong of § 560.2(b)(10) was triggered.  See also, *Zarif v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  29867, *8 (S.D. Cal. Mar. 23, 2011) ("each of Plaintiffs' claims specifically
2  challenge the processing of Plaintiffs' loan modification application and servicing
3  of Plaintiffs' mortgage, and fall within the specific types of preempted state laws
4  listed in § 560.2(b)(4) & (10)."); *Snyder v. Wachovia Mortg.*, 2010 U.S. Dist.
5  LEXIS 68956, *24 (E.D. Cal. July 9, 2010) (claims based on failure to extend a
6  modification are preempted by (b)(4) and (b)(10)); *Ibarra v. Loan City*, 2010 U.S.
7  Dist. LEXIS 6583, *17 (S.D. Cal. Jan. 27, 2010) (ultimate "failure to extend loan
8  modification assistance" is preempted).

9      The balance of plaintiffs' claims involve allegations challenging standing to
10  foreclose and the recording of foreclosure-related documents.  (Comp. ¶14, 76,
11  91.)  Those allegations are preempted under section 560.2(b)(7) for security
12  property and section 560.2(b)(10) for loan processing and servicing.  Recent case
13  law has confirmed that state law claims premised on foreclosure processing
14  violations are preempted by HOLA.  *Winding v. Cal-Western Reconveyance Corp.*,
15  2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 24, 2011); *Marquez v. Wells Fargo
16  Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364, *16 (N.D. Cal. Sept. 13, 2013);
17  *Kaplan v. Wells Fargo Bank NA*, 2013 U.S. Dist. LEXIS 109023, *8-*9 (C.D. Cal.
18  July 30, 2013); *Gorton v. Wells Fargo Bank NA*, 2013 U.S. Dist. LEXIS 86006,
19  *10-*11 (C.D. Cal. June 3, 2013); *Mata v. Wells Fargo Bank, N.A.*, 2013 U.S.
20  Dist. LEXIS 108197 (C.D. Cal. July 31, 2013); *Babb v. Wachovia Mortg., FSB*,
21  2013 U.S. Dist. LEXIS 106228, at *22 (C.D. Cal. July 26, 2013) (dismissing all
22  claims with prejudice as HOLA preempted).

23      Since all of plaintiffs' claims involve either modification-related allegations
24  or generalized foreclosure-processing allegations, those claims are preempted.  The
25  Court should therefore grant the motion to dismiss without leave to amend.
26  / / /
27  / / /
28  / / /

## 4.   THE COMPLAINT OTHERWISE FAILS TO STATE ANY ACTIONABLE CLAIM FOR RELIEF.

**A.   Injunctive Relief Is Not An Independent Claim And The Underlying Claims Regarding Pre-Notice of Default Contact And Dual Tracking Are Without Merit (First, Second and Third Claims).**

Plaintiffs' first claim purports to seek injunctive relief based on the incorporation of complaint paragraphs 1-42.  (Comp. ¶¶43-49.)  The second claim seeks relief based on Civil Code §2923.5 (Comp. ¶¶50-60.)  And the third claim alleges dual-tracking under Civil Code §2923.6.

Preliminarily, the first claim for injunctive relief does not stand alone as a cause of action.  *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942).  To state a claim on which the remedy of injunctive relief may be granted, a complaint must allege a viable claim in tort.  5 Witkin, California Procedure, Pleading, §§ 823,  825 (5th ed. 2008).  A complaint that fails to do so cannot support either an injunction or an award of damages. *Brown v. Rea*, 150 Cal. 171, 175 (1907).

Moreover, nothing in the preliminary allegations form a proper basis for injunctive relief in this case.  As argued above, all claims are preempted by HOLA. To the extent plaintiffs argue that Wells Fargo failed to comply with Civ. Code §2923.5 before recording the Notice of Default in 2011 (Comp. ¶¶6, 16, 17, 50-60), the complaint also concedes that plaintiffs and Wells Fargo had basic discussions about a loan modification (Comp. ¶¶20, 21.), which has been deemed to comply with the very minimal contact requirements of section 2923.5.[5]  *Thu Ha*

---

[5]  Since the Notice of Default was recorded in 2011, the version of section 2923.5 would govern, and not amendments that became effective with the Homeowners' Bill of Rights in 2013.  *Sabherwal v. Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 129203, at *28 (S.D. Cal. Sept. 10, 2013) ("The Homeowner's Bill of Rights does not state that it has retroactive effect, and Plaintiffs have pointed to no extrinsic sources indicating that the California legislature intended a retroactive application.").

*Nong v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 136464, at *4-*5 (C.D. Cal. Dec. 6, 2010).  In fact, the transcript of bankruptcy proceedings confirms that Wells Fargo's counsel informed plaintiffs' counsel on the record that they had been denied for a modification.  (RJN Exh. H, at 1:10-14, "This has been continued several times because of a pending loan modification, but the information I have from the client is that, you know, that was denied.")  Thus, the request for injunctive relief and the first claim under section 2923.5 must fail.

To the extent plaintiffs raise issues about the original loan disclosures in 2007 (Comp. ¶12), those claims would be governed by the Federal Truth In Lending Act and are subject to a one-year statute of limitations.  15 U.S.C. §1640(e); *Meyer v. Ameriquest Mort. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (a TILA claim was time-barred one year and three months after loan origination). Such claims therefore were time barred in 2008.

Plaintiffs also attempt to challenge the authority of NDEX as a substituted trustee.  (Comp. ¶¶14, 19.)  Yet, plaintiffs concede a substitution of trustee was recorded in August 2011 replacing original trustee Golden West with NDEX. (Comp. Exh. B.)  Under the loan documents, Wells Fargo had the unilateral right to choose a new trustee.  The Deed of Trust provides, "I agree that Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee."  (RJN Exh. B at ¶27)  Civ. Code §2934a.  Here, the substitution of trustee was executed by Wells Fargo, through NDEX, as its attorney in fact.  Plaintiffs allege no facts suggesting a basis to challenge the power of attorney that Wells Fargo granted NDEX in exercising a unilateral right to substitute the trustee.  Moreover, such claims attempting to challenge a substituted trustee's authority to act are routinely dismissed.  *Aceves v. U.S. Bank N.A.*, 192 Cal. App. 4th 218, 232 (2011) ("[n[either Civil Code section 2934a, which governs the substitution of trustees, nor the trust deed itself precludes an attorney-in-fact from signing a substitution of

1    trustee.).

2        Both the injunctive relief claim and the third claim allege dual tracking

3    under Civil Code §2923.6.  In addition to preemption, the complaint fails to state a

4    dual-tracking claim.  Critically, the dual-tracking provisions took effect in 2013.

5    As the statute is not retroactive, any pre-2013 conduct is irrelevant. *Sabherwal v.*

6    *Bank of N.Y. Mellon*, 2013 U.S. Dist. LEXIS 129203, at *28 (S.D. Cal. Sept. 10,

7    2013).  In part, section 2923.6 precludes a lender from recording a Notice of

8    Default, a Notice of Sale, or proceeding with a trustee's sale with a complete

9    application pending for a first lien loan modification.  Cal. Civ. Code §2923.6(c).

10   Plaintiffs' complaint regarding the submission of modification applications and the

11   timing is vague – probably, intentionally so.  For instance, plaintiffs claim they

12   submitted a complete application in March 2013 and complain that NDEX

13   recorded a Notice of Sale in May 2013, but plaintiffs do not allege their

14   modification application remained pending at that time.  (Comp. ¶¶29, 30.)

15   Moreover, given that NDEX recorded a new Notice of Sale in September 2013

16   (Comp. Exh. E), a cure of any possible violation was effected as no sale proceeded

17   under the May Notice of Sale.  Civil Code §2924.12(c) (absolves a lender of

18   liability for any violation that is corrected before a completed foreclosure).

19       Similarly, plaintiffs vaguely allege a modification application in "September

20   2013," and complain of the Notice of Sale recorded on September 13, 2013, but do

21   not clearly state their supposed complete application was pending at the time

22   NDEX recorded the Notice of Sale.  (Comp. ¶¶29, 33.)  The "September"

23   application could have been sent in after the Notice of Sale recording on

24   September 13.  Most importantly, the complaint also fails to address the fact that

25   they were denied for a loan modification in 2012, as recited on the record in

26   Bankruptcy Court.  (RJN Exh. H, at 1:10-14. )  Pursuant to Civil Code §2923.6(g),

27   Wells Fargo was under no obligation to evaluate any application unless plaintiffs

28   documented a material change in financial circumstances to Wells Fargo.  Because

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   plaintiffs do not allege that they documented a material change in financial

2   circumstances following their modification denial, they had no right to any further

3   review under the statute, and all "dual-tracking" theories must fail.  Cal. Civ. Code

4   §2923.6(g); *Rockridge Trust v. Wells Fargo, N.A.*, 2013 U.S. Dist. LEXIS 139606,

5   92-93 (N.D. Cal. Sept. 25, 2013) ("Shahani was evaluated for a loan modification

6   prior to January 1, 2013. Plaintiffs have not alleged that there was any change in

7   Shahani's financial circumstances after July 2012, or that Shahani notified

8   Defendants of any such change. Accordingly, the dual tracking and notice

9   provisions contained in § 2923.6 do not apply in this case.").

10       For all of these reasons, the Court should dismiss the first, second, and third

11   claims without leave to amend.

12   **B.   Plaintiffs Have No Valid Challenge Regarding NDEX's "Standing" To**

13   **Foreclose (Fourth Claim).**

14       Plaintiffs' fourth claim continues their prior challenge to NDEX's authority

15   to act as the substituted trustee under the deed of trust.  Plaintiffs allege "NDEX is

16   not now, nor has it ever been, legally authorized to enforce said security interests

17   in Plaintiff's (sic) Property."  (Comp. ¶79.)

18       Plaintiffs simply ignore the substitution of trustee attached to their own

19   complaint (Exh. B) and the unilateral authority granted to Wells Fargo under the

20   Deed of Trust to choose any substituted trustee that it desires (RJN Exh. B at ¶27).

21   Civ. Code §2934a.  Execution of the substitution of trustee by an attorney-in-fact is

22   permitted by California law.  *Aceves v. U.S. Bank N.A.*, 192 Cal. App. 4th 218, 232

23   (2011).  Plaintiffs also reference Cal. Commercial Code § 3-301 in arguing that

24   NDEX lacks authority to proceed in foreclosure.  (Comp. ¶79.)  On its face, section

25   3-301 only requires authority to enforce a security interest as is accomplished in

26   the recorded substitution of trustee.  *Mesde v. Am. Brokers Conduit*, 2009 U.S.

27   Dist. LEXIS 59632, at *11-*12 (N.D. Cal. June 30, 2009).  Additionally, case law

28   has repeatedly held that section 3-301 has no application to nonjudicial

1    foreclosures.  *Caovilla v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 70143,

2    10-11 (N.D. Cal. May 16, 2013) ("California federal courts refuse to apply the

3    UCC to nonjudicial foreclosures.).

4        Accordingly, the Court should dismiss the fourth claim without leave to

5    amend.

6    **C.    Plaintiffs Fail To State A Claim For Fraud (Fifth Claim).**

7        A pleading of fraud or intentional misrepresentation requires compliance

8    with the heightened pleading requirements of rule 9(b) and facts supporting the

9    following elements: (1) misrepresentation; (2) knowledge of falsity; (3) intent to

10   defraud; (4) justifiable reliance; and (5) resulting damages.  *Stansfield v. Starkey*,

11   220 Cal.App.3d 59, 72-73 (1990); *Wilhelm v. Pray, Price, Williams & Russell,* 186

12   Cal.App.3d 1324, 1331 (1986).

13       Under Rule 9(b), fraud allegations are subject to a heightened pleading

14   standard and must be specifically pled.  *Glen Holly Entertainment, Inc. v.*

15   *Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999) (reciting

16   California elements).  Rule 9(b) mandates the explicit identification of context.

17   "This means the who, what, when, where, and how . . . ."  *Glen Holly, supra*, 100

18   F.Supp.2d at 1094.  As for corporate defendants, Rule 9(b) requires plaintiff to

19   specifically plead:  (1) the misrepresentation, (2) the speaker and his or her

20   authority to speak, (3) when and where the statements were made, (4) whether the

21   statements were oral or written, (5) if statements were written, the specific

22   documents containing the representations, and (6) the manner in which the

23   representations were allegedly false or misleading.  *Moore v. Kayport Package*

24   *Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989); *Lazar v. Superior Court*, 12 Cal.

25   4th 631, 645 (1996).  Vague or conclusory allegations are insufficient to satisfy

26   Rule 9(b)'s "particularity" requirement.  *See Moore*, 885 F.2d at 540; *Wool v.*

27   *Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).  Thus, merely

28   identifying allegedly fraudulent conduct fails.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Here, the fraud claim first posits that defendants "misrepresented the power

2    of sale." (Comp ¶87.)  Plaintiffs simply rehash their "standing to foreclose"

3    arguments as to NDEX, which have no merit as already briefed above.  Plaintiffs

4    go on to argue that Wells Fargo misrepresented that it would review them for a

5    modification upon the submission of an application. (Comp. ¶95.)  On its face,

6    that allegation does not satisfy the elements for fraud.  As discussed on the record

7    in Bankruptcy Court, plaintiffs were reviewed for a modification and were denied.

8    ((RJN Exh. H, at 1:10-14.)  Thus, Wells Fargo did what it said it would do in

9    evaluating a modification application.  Plaintiffs cannot claim that Wells Fargo

10    never responded with a modification determination when one was provided in open

11    court.  And Wells Fargo had no obligation to review repeat applications after the

12    denial.  Cal. Civ. Code 2923.6(g).

13    Moreover, representations regarding the modification of a contract sound in

14    breach of contract and cannot be restated under a fraud theory.  *Morgan v. Aurora*

15    *Loan Servs., LLC*, 2013 U.S. Dist. LEXIS 95713, 16-17 (C.D. Cal. July 9, 2013)

16    ("What plaintiff is alleging is that defendants failed to review whether she would

17    qualify for a permanent loan modification, pursuant to the terms of the March 2011

18    Agreement, despite representing to plaintiff that it would do so. Her claim is

19    subsumed within the terms of the parties' agreement.")  Plaintiffs also fail to allege

20    and cannot allege any justifiable reliance on a promised modification review

21    because the contemplated trustee's sale is expressly permitted by contract and any

22    payments due are from a preexisting legal obligation under the Loan.  *Id*. at *16

23    ("the Court again finds that plaintiff is unable to allege that she justifiably relied on

24    defendants statements to her detriment, as she was already contractually obligated

25    to make loan payments.").

26    Finally, the complaint does not allege any damage resulting from the

27    purported fraud, nor could it.  Per the complaint, the foreclosure has not yet

28    occurred at the time of filing, and, even if it did, plaintiffs do not suggest that the

1  Property is worth more than the debt owed on the Loan.  On very similar facts the

2  Court in *Lyshorn v. J.P.Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 157129,

3  at *8-*12 (N.D. Cal. Nov. 1, 2013) dismissed the fraud-based loan modification

4  claim.

5  **D.    The Negligence Claim Fails Without A Duty Of Care (Sixth Claim).**

6      Plaintiffs' negligence claim is premised on the idea that Wells Fargo

7  negligently handled the alleged modification applications.  (Comp. ¶¶104-111.)

8      As an initial matter, " [t]he determination whether a duty exists is primarily

9  a question of law."  *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).  " [A]bsent

10 a duty, the defendant' s care, or lack of care, is irrelevant."  *Software Design and*

11 *Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996).  In

12 *Nymark v. Heart Fed. Savs. & Loan Ass' n*, the court explained: " [A]s a general

13 rule, a financial institution owes no duty of care to a borrower when the institution'

14 s involvement in the loan transaction does not exceed the scope of its conventional

15 role as a mere lender of money."  231 Cal. App. 3d 1089, 1096 (1991).  Indeed, "

16 [l]iability to a borrower for negligence arises only when the lender ' actively

17 participates' in the financed enterprise ' beyond the domain of the usual money

18 lender.' "  *Id.*

19     Here, Wells Fargo' s purported negligent conduct occurred in connection

20 with the processing of plaintiffs' loan modification application, which does not

21 extend beyond the normal business of a lender.  *See, Armstrong v. Chevy Chase*

22 *Bank, FSB*, 2012 U.S. Dist. LEXIS 144125, *11-12 (N.D. Cal. Oct. 3, 2012);

23 *Sullivan v. JP Morgan Chase Bank, NA*, 725 F. Supp. 2d 1087, 1094 (E.D. Cal.

24 2010) (citing *Nymark* and holding that " [p]laintiffs have provided no authority to

25 support their argument that lenders owe borrowers a duty of care not to misinform

26 them about the loan modification process" ); *Gonzales v. Wells Fargo Bank, N.A.*,

27 2012 U.S. Dist. LEXIS 154851 at *20 (N.D. Cal. Oct. 29, 2012)  (" A loan

28 modification, which is nothing more than a renegotiation of loan terms, falls well

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   within an institution' s conventional money-lending role." ); *Settle v. World*

2   *Savings Bank, FSB*, 2012 U.S. Dist. LEXIS 4215, at \*24 (C.D. Cal. Jan. 11, 2012)

3   ("Numerous cases have characterized a loan modification as a traditional money

4   lending activity, warranting application of the rule articulated in *Nymark v. Heart*

5   *Fed. Savings & Loan Ass' n*, 231 Cal.App.3d 1089, 283 Cal. Rptr. 53 (1991), that a

6   financial institution in general owes no duty of care to a borrower.  *See id.* at

7   1096).[6]  Because plaintiff cannot establish a duty of care or a breach, the

8   negligence claim cannot survive.  *Quelimane Co. v. Stewart Title Guar. Co.*, 19

9   Cal. 4th 26, 57-60 (1998).

10       Plaintiffs also fail to plead damage and cannot do so since they have no right

11   to a modification of the loan terms.  See e.g., *Hoffman v. Bank of America, N.A.*,

12   2010 U.S. Dist. LEXIS 70455, \*15 (N.D. Cal. 2010) (" lenders are not required to

13   make loan modifications for borrowers that qualify under HAMP, nor does the

14   servicer' s agreement confer an enforceable right on the borrower" ); *Mabry v.*

15   *Superior Court*, 185 Cal. App. 4th 208, 223-224 (2010).

16       Plaintiffs cannot alleged damage here with no right to a loan modification

17   and a pretexting legal obligation to make loan payments to Wells Fargo.  The law

18   is well-settled that without damages, a plaintiff has no remedy and without a

19   remedy, there is no viable claim.  See e.g., *Conrad v. Bank of America*, 45 Cal.

20

21   _____

22   [6]  The case of *Jolley v. Chase Home Finance, LLC,* 213 Cal. App. 4th 872 (2013) is

23   readily distinguishable as it involved a construction loan where the lender often

24   times plays on ongoing role in the construction enterprise. *Deschaine v. IndyMac*
     *Mortg. Servs.*, 2013 U.S. Dist. LEXIS 163203, at \*18 (E.D. Cal. Nov. 15, 2013)

25   ("Because the majority of California courts hold that loan modification activities
     are part and parcel of a loan servicer's 'conventional role as a lender of money,'

26   Nymark, 231 Cal. App. 3d at 1096, and because plaintiff has not alleged any facts

27   that show a special relationship with IndyMac, plaintiff cannot allege that IndyMac
     owed him a duty of care. Accordingly, the court must grant IndyMac's motion to

28   dismiss plaintiff's negligence claim.").

1   App. 4th 133, 159 (1996) (" Misrepresentation, even maliciously committed, does

2   not support a cause of action unless the plaintiff suffered consequential damages"

3   ); *Fields v. Napa Milling Co*., 164 Cal. App. 2d 442, 448 (1958) (" a wrong

4   without damage does not constitute a cause of action for damages . . ." ).

5       For these reasons, the Court should dismiss the negligence claim without

6   leave to amend.

7   **E.    The 17200 Claim Fails For The Same Reasons As The Preceding Claims**

8   **(Seventh Claim).**

9       Plaintiff's claim under Cal. Bus. & Prof. Code § 17200 merely incorporates

10  prior claims and allegations which are deficient for the reasons already briefed

11  above. (Comp. ¶112.)

12      A 17200 claim must state with reasonable particularity the facts showing

13  unlawful, unfair, or fraudulent business acts on the part of the defendant.  *Korea*

14  *Supply Company v. Lockheed Martin Corporation*, 29 Cal. 4th 1134, 1143 (2003);

15  *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  To the

16  extent the UCL claim is based on alleged fraud, it must be pleaded with heightened

17  specificity.  *Neu v. Terminix Int'l, Inc*., 2008 U.S. Dist. LEXIS 32844, *13-14

18  (N.D. Cal. Apr. 8, 2008).

19      As plaintiffs have no enforceable right to a loan modification and as

20  plaintiffs were reviewed and denied for a modification, the complaint fails to state

21  any unlawful, unfair or fraudulent business practice.  *Hoffman v. Bank of America,*

22  *N.A.*, 2010 U.S. Dist. LEXIS, at *15 (N.D. Cal. June 30, 2010) ("lenders are not

23  required to make loan modifications for borrowers that qualify  under HAMP nor

24  does the servicer's agreement confer an enforceable right on the borrower.");

25  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 231 (2010).

26      The 17200 claim also fails due to lack of standing.  A private litigant

27  asserting a UCL claim must allege that they suffered injury in fact and lost money

28  or property as a result of the unfair competition.  Cal. Bus. & Prof. § 17204; *Daro*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  *v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007).  Here, there is an absence

2  of any causation of actual loss, which is essential.  *Hall v. Time, Inc*., 158 Cal.

3  App. 4th 847 (2008).  Plaintiffs have no actual loss because they borrowed money

4  in 2007, had a $70,000 default as of 2011, yet remain owners in possession of the

5  Property without repaying their Loan. (Comp Exh. A.)[7]

6  For each of the foregoing reasons, the Court should dismiss the unfair

7  competition law claim without leave to amend.

8  **F.    Plaintiffs Have Not Asserted A Basis For Declaratory Relief (Eighth**

9  **Claim).**

10  Plaintiffs' final claim for declaratory relief is asserted against NDEX only.

11  NDEX filed a declaration of nonmonetary status on January 5, 2014 pursuant to

12  Civil Code §2924*l*.  (Notice of Removal Exh. B at pp. 86-100.)  Unless there is a

13  timely objection, NDEX is no longer required to participate in this action.  Cal.

14  Civ. Code §2924*l*(d); *Cabriales v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS

15  24726, at *2 (N.D. Cal. Mar. 2, 2010).  As the sole basis for this claim is to

16  challenge NDEX's standing to proceed as foreclosure trustee (which cannot be

17  disputed in light of the recorded substitution), the Court should proceed with

18  dismissing the claim on the merits.

19  Furthermore, like injunctive relief, declaratory relief is a remedy, not an

20  independent cause of action.  *See*,  28 U.S.C. §§ 2201, 2202; *see also, National*

21  *Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997) (" The DJA is

22

23  ───────────────

[7]  In *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296 (N.D. Cal.

24  Jan. 28, 2011), plaintiffs brought a UCL claim following a foreclosure, alleging
that their lender wrongfully proceeded to sale.  The court held that "the facts

25  alleged suggest that Plaintiffs lost their home because they became unable to keep
up with monthly payments and lacked the financial resources to cure the default . .

26  . it does not appear that [the bank's] conduct resulted in a loss of money or
property.  For this reason, Plaintiffs lack standing to sue under the UCL, and the

27  claim must be dismissed." *DeLeon*, 2011 U.S. Dist. LEXIS at *21.

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  procedural in nature, and merely offers an additional remedy to litigants" );

2  *Commercial Union Ins. Co. v. Walbrook Ins. Co.,* 41 F.3d 764, 775 (1st Cir. 1994)

3  (" A declaratory judgment is not a theory of recovery" ); *Pazargad v. Wells Fargo*

4  *Bank, N.A.*, 2011 U.S. Dist. LEXIS 94850, at **6-7 (C.D. Cal. Aug. 23, 2011) ("

5  Declaratory relief is not an independent claim, rather it is a form of relief …

6  declaratory relief is ' entirely commensurate with the relief sought through

7  [Plaintiffs' ] other causes of action,' and a court may dismiss the claim for

8  declaratory relief if the legal theory upon which it is predicated fails" ).

9      For these reasons, the Court should dismiss the eighth claim for declaratory

10  relief without leave to amend.

### 5.   CONCLUSION

12      In light of the pleading deficiencies identified above, including preemption

13  under HOLA, leave to amend should be denied because it would be futile.

14  *Amerisource Bergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 951 (9th Cir.

15  2006); *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir. 1999).  The Court should

16  grant the motion in its entirety and dismiss this action with prejudice.

18                          Respectfully submitted,

19  Dated:  January 17, 2014          ANGLIN, FLEWELLING, RASMUSSEN,
20                                      CAMPBELL & TRYTTEN LLP

22                          By: ____*/s/ Jeremy E. Shulman*____
23                              Jeremy E. Shulman
                                jshulman@afrct.com
24                          Attorneys for Defendant
                            WELLS FARGO BANK, N.A., successor
25                          by merger to Wells Fargo Bank Southwest,
                            N.A., f/k/a Wachovia Mortgage, FSB and
26                          World Savings Bank, FSB

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically  Via the Court's CM/ECF System**

| *Attorneys for Plaintiffs:* | *Attorneys for Defendant NDeX West, LLC* |
|---|---|
| Yelena Katchko<br>Giandominic Vitiello<br>KATCHKO, VITIELLO & KARIKOMI, PC<br>11500 W.Olympic Blvd., Suite 400<br>Los Angeles, California 90064<br><br>*Tel: 310.444.3000; Fax: 310.444.3001*<br>*Email: ykatchko@kvklawyers.com*<br>*Email: gvitiello@kvklawyers.com* | Edward A. Treder<br>Darlene Palaganas Hernandez<br>BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP<br>20955 Pathfinder Road, Suite 300<br>Diamond Bar, CA  91765<br>*Tel. 626.915.5714; Fax: 909.595.7640*<br>*Email:  edwardt@bdfgroup.com*<br>*Email:  darlenep@bdfgroup.com* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on January 17, 2014.

Lina Velasquez
(Type or Print Name)

/s/ Lina Velasquez
(Signature of Declarant)