LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

**\*\*Amended\*\***

| Case No. | CV 14-00123 BRO (PLAx) | Date | January 23, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN V. WELLS FARGO BANK N.A., ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

### ORDER RE: MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### I.    INTRODUCTION

Plaintiff Richard Friedman seeks an emergency temporary restraining order. Plaintiff claims that Defendant Wells Fargo Bank N.A. is attempting to auction his home at a foreclosure sale without having satisfied the relevant statutory requirements to which he claims to be entitled.  (*See* Ex Parte Application For Temporary Restraining Order ("TRO App") at 1–5.)  Apparently since 2011, Plaintiff has experienced financial difficulties, and has been unable to remain current on his home mortgage loan payments. (*See* TRO App at 1.)  On August 4, 2011, Defendant recorded a notice of default against Plaintiff's home.  (*Id.*)  Since that time, Plaintiff has attempted on multiple occasions to obtain a loan modification.  (*Id.* at 2.)  Nevertheless, in spite of his continued efforts, Plaintiff has yet to obtain a modification on his loan, often experiencing problems with Defendant losing documents included in Plaintiff's loan modification application.  (*See id.* at 2–5.)  At this time, Defendant intends to auction Plaintiff's home at a trustee's sale on January 24, 2014.  (*Id.* at 5.)  According to Plaintiff, Defendant has failed to comply with the statutory requirements of California Civil Code §§ 2923.5 and 2924.  (*Id.*)

On January 22, 2014, Plaintiff filed an ex parte application for a temporary restraining order, arguing that the wrongful foreclosure and sale of his home will result in irreparable harm.   For the following reasons, the Court GRANTS Plaintiff's Application and ORDERS that the sale of the Property be stayed until a noticed motion may be heard as to the merits of Plaintiff's request for a preliminary injunction.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

**\*\*Amended\*\***

| Case No. | CV 14-00123 BRO (PLAx) | Date | January 23, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN V. WELLS FARGO BANK N.A., ET AL. | | |

## II. DISCUSSION

### A. Legal Standard for Temporary Restraining Order And Preliminary Injunction

Rule 65(b) governs the issuance of a temporary restraining order. Fed. R. Civ. P 65(b). A temporary restraining order may issue only if the movant provides specific facts in an affidavit that clearly shows an immediate and irreparable injury. *Id.* The movant must also post adequate security. *Id.* The standard for a temporary restraining order is identical to the standard for a preliminary injunction. *Frontline Med. Assocs., Inc. v. Coventry Healthcare Worker's Comp.*, Inc., 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009) (citing *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995)). A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The elements of this test are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049–50 (9th Cir. 2010), rev'd. on other grounds, 632 F.3d 1127 (9th Cir. 2011). Thus, a court may grant temporary relief where a plaintiff demonstrates "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1052 (internal quotations omitted). An applicant seeking such relief must detail his efforts to notify opposing counsel and ascertain his position. *See* L.R. 7-19-1.

### B. Application

Plaintiff argues that *ex parte* relief is appropriate here because Defendant has scheduled the sale of his property located at 3453 Maplewood Avenue, Los Angeles CA

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL**

**\*\*Amended\*\***

| Case No. | **CV 14-00123 BRO (PLAx)** | Date | January 23, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN V. WELLS FARGO BANK N.A., ET AL. | | |

90066 ("the Subject Property").[1] ("TRO App at 1.) Plaintiff alleges that Defendant (1) has failed to comply with California Civil Code section 2923.5 and discuss alternatives to foreclosure and loan modification efforts with Plaintiff; (2) has "dual-tracked" Plaintiffs' foreclosure and loan modification efforts in violation of California Civil Code § 2923.6(c); (3) has failed to comply with the bankruptcy Court's instructions; and (4) has engaged in delay tactics and fraudulent business practices. (TRO App at 7.) Plaintiff argues that this is a wrongful foreclosure and that the sale of the Subject Property poses such irreparable harm to him that no pecuniary compensation would provide adequate relief. (*Id.*) In assessing the above factors for preliminary relief, the Court finds that Plaintiff has not shown likelihood to succeed on the merits of his claim,[2] but has demonstrated there may be serious questions as to the merits, and a sufficient showing of irreparable harm.

The risk of irreparable harm, the balance of the merits, and the public interest all weigh in Plaintiff's favor. The Ninth Circuit has indicated that this test may be applied on a sliding scale. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In other words, even where a plaintiff is unable to show a *likelihood* of success on the merits, but can at least demonstrate there are serious questions going to the merits, and the balance of hardships strongly favors the plaintiff, a court may grant

---

[1] The legal description of the Subject Property is, "Lot 197, of tract 7681, in the City of Los Angeles, Country [sic] of Los Angeles, State of California, as per map recorded in Book 83, page 73–74 of Maps, in the office of the County Recorder of Said County." (Not. Removal Ex. A. at 26.)

[2] It appears as though Plaintiff entered into a loan agreement with World Savings Bank FSB, a Federal Savings institution. (*See* Not. Removal Ex. A, at 27.) Accordingly, Plaintiff's loan would likely be governed by the Home Owners Loan Act, codified at 12 U.S.C. §§ 1461, *et seq.* ("HOLA"). Through HOLA, Congress gave the Office of Thrift Supervision ("OTS") broad authority to issue regulations governing thrifts. 12 U.S.C. § 1464. As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2, preempting various categories of state regulations. It is evident that California Civil Code section 2923.5 attempts to regulate federal loan servicing and foreclosure activities. This is one type of activity that HOLA preempts. *See* 12 C.F.R. § 560.2(b)(4) (expressly preempting "state laws purporting to impose requirements regarding . . . the circumstances under which *a loan may be called due and payable* upon the passage of time or a *specified event external to the loan*" (emphasis added)). Accordingly, Plaintiff's showing on likelihood of success on the merits is weak. Nevertheless, given a strong showing on the other elements required for a temporary relief, an order in Plaintiff's favor is warranted.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES – GENERAL**

**\*\*Amended\*\***

| Case No. | **CV 14-00123 BRO (PLAx)** | Date | January 23, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN V. WELLS FARGO BANK N.A., ET AL. | | |

preliminary injunctive relief so long as there is still a showing on the last two elements. *See id.* at 1131, 1134–35 ("a stronger showing of one element may offset a weaker showing of another.") Plaintiff has demonstrated irreparable harm. Real property is considered unique. Cal. Civ. Code § 3387 ("It is to be presumed that the breach of an agreement to transfer real property cannot be adequately relieved by pecuniary compensation.") In the case of a wrongful foreclosure and sale, money compensation would not provide an adequate remedy to Plaintiff.

Moreover, the Court finds that the balance of equities and the public interest tip in Plaintiff's favor. A court balancing the equities will look to the possible harm that could befall the various parties. *See CytoSport, Inc. v. Vital Pharm., Inc.*, 617 F. Supp. 2d 1051, 1081 (E.D. Cal. 2009) *aff'd*, 348 F. App'x 288 (9th Cir. 2009). Causing a slight delay for Defendant's sale of the Subject Property is greatly outweighed by Plaintiff's potential loss of his home. Finally, granting Plaintiff's Application is in the public interest. The Court finds that it is in the public interest that home foreclosure sales do not occur until the merits of an individual's case has been assessed.

### III. CONCLUSION

Accordingly, Plaintiff's Application for Temporary Restraining Order is hereby **GRANTED**. The hearing on this matter is set for **February 3, 2014 at 1:30 p.m.** Any opposition to the motion is to be filed no later than January 29, 2014. Any reply is to be filed no later than January 31, 2014. The foreclosure sale of the Subject Property, scheduled for January 24, 2014, is hereby STAYED until the outcome of the hearing is determined or further order of this Court.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |