LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS)

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [33, 35]

Currently pending before the Court is Defendants' motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 33, 35.)[1] After considering the papers filed in support of and in opposition to the instant motions, the Court concludes these matters are appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the following reasons Defendants' motion is GRANTED.

## I. BACKGROUND

This is a dispute over real property located at 3453 Maplewood Avenue, Los Angeles, California 90066 (the "Property"), and whether Defendants may rightfully foreclose on Plaintiffs' mortgage loan and sell the Property pursuant to a deed of trust. In July 2007, Plaintiffs Richard and Leslie Friedman executed a deed of trust on the Property, naming World Savings Bank FSB as beneficiary. (First Am. Compl. ¶ 8.) They executed the deed of trust as security on a mortgage loan, which apparently had an adjustable interest rate that would vary over time. (*Id.* ¶ 9.) Subsequent to execution of the deed of trust, Defendant Wells Fargo Bank N.A. indirectly acquired World Savings Bank, becoming a successor in interest to the deed of trust on Plaintiffs' property. (*See id.* ¶ 10.)

---

[1] Defendant NDEX moves in joinder to Defendant Wells Fargo's motion to dismiss. (Dkt. No. 35.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

  Plaintiffs, who "have no experience beyond basic financial matters" and did not understand the terms of their mortgage loan, began to experience financial difficulties sometime between 2007 and 2011. (*See id.* ¶¶ 12–14.) On August 2, 2011, Defendant NDEX recorded a notice of default against the Property on behalf of Wells Fargo. (*Id.* ¶ 15.) According to Plaintiffs, no one from Wells Fargo ever contacted them to discuss available options to avoid foreclosure prior to recording the notice of default. (*Id.* ¶ 17.) To avoid losing their home, Plaintiffs filed an application for a loan modification but were unsuccessful. (*See id.* ¶ 19.) Plaintiffs allege that Wells Fargo repeatedly lost documents they submitted and consequently refused to process their application. (*See id.*)

  On March 2, 2012, Plaintiffs filed a bankruptcy petition to protect their home from foreclosure and possibly obtain some type of loan modification in the process. (*See id.* ¶ 27.) On October 23, 2012, the bankruptcy court directed Wells Fargo and Plaintiffs to privately negotiate a loan modification. (*Id.* ¶ 29.) The parties never reached an agreement on modification. (*Id.* ¶ 30.)

  On May 21, 2013, NDEX filed a notice of trustee's sale against the Property indicating there would be a foreclosure sale on June 17, 2013. (*Id.* ¶ 31.) The Property failed to sell. In September 2013, a Wells Fargo representative prompted Plaintiffs to file an application for a HAMP modification. (*Id.* ¶ 33.) That same month, NDEX filed another notice of trustee's sale for October 10, 2013. (*Id.* ¶ 34.) Again, the Property did not sell.

  Evidently, on April 30, 2014, Plaintiffs' property ultimately did sell at a trustee's sale. (*See* Defs.' Req. Judicial Not. Ex. O.)[2]

  On December 23, 2013, Plaintiffs filed this lawsuit in the Superior Court of California. (Dkt. No. 1, Ex. A.) On January 1, 2014, Defendants removed the action to this Court on the basis of diversity jurisdiction and subsequently filed the instant motion to dismiss on January 17, 2014. (Not. Removal 2; Dkt. No. 8.) Plaintiffs moved to remand the action on January 27, 2014. (Dkt. No. 14.)

---

[2] As discussed below, the Court takes judicial notice of the documents provided by Defendants.

Case 2:14-cv-00123-BRO-PLA Document 39 Filed 06/04/14 Page 3 of 14 Page ID #:1676

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

On March 11, 2014, the Court denied Plaintiffs' motion to remand and granted Defendants' motion to dismiss. (Dkt. No. 26.) In its order, the Court explained that several of Plaintiffs' causes of action were preempted by the Home Owners Loan Act, codified at 12 U.S.C. § 1461, *et seq.* ("HOLA"), and dismissed those claims with prejudice. (*Id.*) As for the other causes of action, the Court dismissed them as well, but granted leave to amend. (*Id.*)

Plaintiffs filed an amended complaint on March 24, 2014. (Dkt. No. 27.)

## II. LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (emphasis added). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: first, discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, determine "whether they plausibly give rise to entitlement to relief." *See id.* at 679; *see also Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-00123 BRO (PLAx)** | Date | June 4, 2014 |
|---|---|---|---|
| Title | **RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL.** | | |

551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III. REQUEST FOR JUDICIAL NOTICE

Defendants have requested that the Court take judicial notice of certain documents related to the Property. (Dkt. No. 34.) Among the documents are Plaintiffs' mortgage loan (Ex. A), the deed of trust on Plaintiffs' Property (Ex. B), various documents relating to World Savings Bank FSB and Wells Fargo's acquisition of it (Exs. C–H, O), publicly recorded instruments relating to Plaintiffs' property (Exs. H–K), documents relating to Plaintiffs' bankruptcy (Exs. L–N, P–R), and other public documents (Exs. T–U). (Defs.' Request for Judicial Notice ("Defs.' RJN").)

When considering a motion to dismiss, a court normally does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Lee* 250 F.3d 668, 688–69 (9th Cir. 2001); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Further, a court "shall take judicial notice if requested by a party and supplied with the necessary information." *See* Fed. R. Evid. 201(d); *Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

Here, Plaintiffs do not challenge the authenticity of the documents contained in the request for judicial notice. In addition, exhibits A and B are properly subject to

Case 2:14-cv-00123-BRO-PLA Document 39 Filed 06/04/14 Page 5 of 14 Page ID #:1678

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

consideration because Plaintiffs rely on them in their complaint. Exhibits C through U are properly judicially noticeable under Federal Rule of Evidence 201. Therefore, to the extent necessary to rule on the pending motions, the Court has considered Wells Fargo's judicially noticeable exhibits.

## IV. DISCUSSION

In their amended complaint, Plaintiffs allege seven causes of action: (1) violation of California Civil Code section 2934; (2) fraud; (3) cancellation of instrument; (4) breach of contract (settlement agreement); (5) negligence; (6) violations of California Business & Professions Code section 17200; and (7) declaratory relief. (First Am. Compl. ¶¶ 68–172.) Defendants contend each fails to state a claim for relief. (Mot. 1.) The Court agrees and will discuss its reasoning with respect to each cause of action separately.

To begin, Plaintiffs did not have permission to allege new causes of action. In the Court's previous order, it dismissed some causes of action with prejudice and dismissed others with leave to amend; it did not, however, grant leave to allege new causes of action. (*See* Dkt. No. 26.) In their current opposition, Plaintiffs point to language in their previous opposition, where they requested leave to amend. (Opp'n 3.) There, Plaintiffs indicated they had discovered new causes of action and requested leave to amend. (Dkt. No. 22, at 23–24.) They now presume that "[h]ad the Court intended to preclude Plaintiffs[] from adding [new] causes of action to the [amended complaint], the Court would have specifically denied Plaintiffs' request." (Opp'n 3.) This presumption is inaccurate. Consistent with Rule 15 of the Federal Rules of Evidence, Plaintiffs should have sought leave of the Court to amend their complaint to add additional causes of action. By specifying that certain causes of action were dismissed with prejudice but the others were dismissed with leave to amend, the Court intended that Plaintiffs could reallege those causes of action dismissed with leave to amend, not add new ones without additional permission.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-00123 BRO (PLAx)** | Date | June 4, 2014 |
|---|---|---|---|
| Title | **RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL.** | | |

### A. First Cause of Action: Violation of California Civil Code § 2934a

In their first cause of action, Plaintiffs allege Defendants are liable to them for violating California Civil Code section 2934a(a)(1).[3] (First Am. Compl. ¶¶ 68–75.) Yet Plaintiffs did not allege a violation of section 2934 in their original complaint. (*See* Dkt. No. 1, Ex. A.) Accordingly, they were without leave to add this new cause of action. Notwithstanding, the Court will briefly discuss why this cause of action should be dismissed on substantive grounds.

California Civil Code section 2934a(a)(1) specifies how a trustee should be substituted. Plaintiffs allege Defendants violated its requirements when NDEX recorded a notice of default and a notice of substitution of trustee. (First Am. Compl. ¶¶ 72–73.) They point out that NDEX is not the trustee identified in the deed of trust. (*See id.* ¶ 71.) Then they assert that NDEX executed the notice even though "nowhere in the Substitution or other recorded documents did Defendant [Wells Fargo] authorize Defendant NDEX to execute the substitution on its behalf." (*Id.* at ¶¶ 72–73.) Nevertheless, after reviewing the statutory requirements and judicially noticeable documents, it is evident that Defendants committed no violation.

Section 2934a(b) provides that a substitution of trustee may be "effected *after* a notice of default has been recorded." Cal. Civ. Code § 2934a(b) (emphasis added). But if this occurs, the "beneficiary [must] cause a copy of the substitution to be mailed, prior to the recording thereof, in the manner provided in Section 2924b." *Id.*

Defendants complied with these requirements. Attached to their request for judicial notice, they submit a copy of the August 16, 2011 substitution of trustee. (Defs.' Req. Judicial Not. Ex. I, at 46.) They also append a declaration certifying that "[a] copy of the attached Substitution of Trustee has been mailed in the manner provided in California Civil Code § 2924b to the trustee then of record and to all persons to whom a copy of the notice of default is required to be mailed in compliance with all requirements of California Civil Code § 2934a." (*Id.* at 47.) Moreover, Defendants also provide a

---

[3] In their amended complaint, Plaintiffs in fact allege a violation of section 2934(a). There is a section 2934 but it does not contain any subdivisions. Accordingly, it appears Plaintiffs intended to allege a violation of section 2934a(a).

Case 2:14-cv-00123-BRO-PLA   Document 39   Filed 06/04/14   Page 7 of 14   Page ID #:1680

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-00123 BRO (PLAx)** | Date | June 4, 2014 |
|---|---|---|---|
| Title | **RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL.** | | |

declaration executed by Wells Fargo indicating that it authorized its "foreclosure agent" to sign the notice of default. (*Id.* Ex. H, at 44.) Accordingly, it is clear that Defendants complied with the requirements of section 2934a: notwithstanding NDEX filed a notice of default before filing a substitution of trustee (naming NDEX as the trustee), NDEX had authority to file the notice and subsequently mailed a notice of substitution of trustee, as required by sections 2934a(b) and 2924b. As such, Plaintiffs' first cause of action fails and is therefore DISMISSED WITH PREJUDICE.

Plaintiffs' first cause of action is also preempted by HOLA. In its February 4, 2014 order denying Plaintiffs' motion for a preliminary injunction, the Court discussed preemption by HOLA. (*See* Dkt. No. 19.) There it explained that HOLA specifically preempts state laws pertaining to "the circumstances where a loan may be called due and payable upon a specified event external to the loan"—default and foreclosure. (*Id.* at 5 (quoting 12 C.F.R. § 560.2(b)(4)).) HOLA also preempts state laws relating to "servicing" mortgages. (*Id.* (quoting 12 C.F.R. § 560.2(b)(10)).) Therefore, because California Civil Code section 2934a purports to impose requirements regarding default, foreclosure, and the servicing of Plaintiffs' mortgage loan, it is preempted by HOLA. For this additional, independent reason, Plaintiffs' first cause of action is DISMISSED WITH PREJUDICE.

### B. Second Cause of Action: Fraud in Violation of California Civil Code § 1572

In their second cause of action, Plaintiffs allege Defendants defrauded them in four ways: they misrepresented (1) the terms of their loan; (2) that NDEX had authority to record a notice of default and substitution of trustee; (3) that Plaintiffs' loan modification application had been lost; and (4) that Plaintiffs were not eligible for a loan modification due to the value of their home. The Court will discuss each separately.

To plead a cause of action for fraud, a plaintiff must allege five elements: (1) a misrepresentation that includes concealment or nondisclosure; (2) knowledge of falsity; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages. *Cadlo v. Owens-Illinois Inc.*, 125 Cal. App. 4th 513, 519 (2004). Pursuant to Federal Rule of Civil Procedure 9(b), these elements must be pled with particularity. To plead fraud with particularity, the pleader must state the time, place, and

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

specific content of the false representations. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). The allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). A plaintiff must include "the who, what, when, where, and how of the misconduct charged." *Id.* (internal quotation marks omitted). In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. *Odom*, 486 F.3d at 553. Nevertheless, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

### 1. *Fraud by Misrepresentation of Loan's Terms*

Under the first theory of fraud, Plaintiffs allege that Wells Fargo misrepresented their ability to afford their mortgage loan. (First Am. Compl. ¶¶ 77–90.) But their allegations fail in two ways. First, they allege Defendants "duped the Plaintiffs into accepting the mortgage terms by suppressing the fact that Plaintiffs would be unable to afford the mortgage once the interest rate adjusted." (*Id.* ¶ 83.) Plaintiffs fail, however, to allege with particularity how Defendants "duped them" or suppressed the affordability of the loan. Additionally, Plaintiffs fail to allege any duty requiring Defendants to alert Plaintiffs to affordability of their mortgage loan. Second, Plaintiffs fail to adequately allege resulting damages. They contend they were damaged because they "remained ignorant to the fact that [Defendants] had placed them into a mortgage that would escalate unsustainably and that which would eventually result in an inevitable default and foreclosure." (*Id.* ¶ 89.) Yet Plaintiffs never allege that the interest rate actually did escalate, thereby causing their monthly payments to increase to an amount they could not afford to pay.

For these reasons, the first theory of fraud is DISMISSED.

### 2. *Fraud by Misrepresenting NDEX's Authority*

Under the second theory of fraud, Plaintiffs merely repackage their first cause of action for a violation of California Civil Code section 2934a and brand it a cause of action for fraudulently misrepresenting NDEX's authority to record a notice of default

Case 2:14-cv-00123-BRO-PLA   Document 39   Filed 06/04/14   Page 9 of 14   Page ID #:1682

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-00123 BRO (PLAx)** | Date | June 4, 2014 |
|---|---|---|---|
| Title | **RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL.** | | |

and substitution of trustee. (*Compare* First Am. Compl. ¶¶ 68–75 *with id.* ¶¶ 92–101.) Accordingly, this theory fails for the same reasons discussed above. That is, the judicially-noticeable documents demonstrate that Defendants complied with California Civil Code sections 2934a and 2924b because NDEX had authority to execute the notice of default and substitution of trustee, and NDEX mailed the substitution of trustee after the notice of default was recorded. (*See* Defs.' Req. Judicial Not. Exs. H–I.) As such, Defendants made no fraudulent representation. Additionally, Plaintiffs may not avoid HOLA preemption by pleading a statutory violation as a claim for fraud.

Therefore, this theory of liability is DISMISSED WITH PREJUDICE.

### 3. *Fraud by Misrepresenting Status of Plaintiffs' Application*

Under the third theory of fraud, Plaintiffs allege Defendants fraudulently misrepresented that Plaintiffs would receive a loan modification and that Plaintiffs' application files had been lost or misplaced. (First Am. Compl. ¶¶ 102–11.) Their claim fails, however, because they do not allege it with particularity. For example, Plaintiffs allege generally that Defendants "falsely represented to Plaintiffs . . . that if Plaintiffs submitted all of the documents requested . . . Plaintiffs [] would be reviewed for a modification under the HAMP standards . . . and [] would receive a permanent [loan] modification if Plaintiffs met the HAMP standards." (*Id.* ¶ 102.) Then they assert Defendants "falsely represented to Plaintiffs" that Plaintiffs failed to submit necessary information, their documents were lost, and that Plaintiffs were ineligible for a loan modification. (*Id.* ¶ 103.) Plaintiffs further allege Defendants "continually misrepresented to Plaintiffs that their loan modification and accompanying documentation had been lost or misplaced." (*Id.* ¶ 104.) These allegations do not state the time, place, or specific content of Defendants' alleged false representations. *See Odom*, 486 F.3d at 553; *see also Vess*, 317 F.3d at 1106. Accordingly, Plaintiffs fail to meet the pleading specificity standard required under Rule 9(b).

Moreover, Plaintiffs also fail to adequately plead justifiable reliance. In pleading this element, Plaintiffs allege they "justifiably relied upon Defendant [Wells Fargo's] fraudulent misrepresentations and continued to comply with Defendant's requests." (First Am. Compl. ¶ 107.) This allegation is conclusory—Plaintiffs never allege how

Case 2:14-cv-00123-BRO-PLA Document 39 Filed 06/04/14 Page 10 of 14 Page ID #:1683

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

they relied on Defendants' statements. Reliance can take the form of action or inaction but in either case there must be some form of reliance. *See Small v. Fritz Cos. Inc.*, 30 Cal. 4th 167, 173–75 (2003). For example, if Plaintiffs—relying upon Defendants' misrepresentations—took some action that ultimately caused them damages, they must allege what action they took. Or if instead Plaintiffs forwent taking action and that failure to act caused them harm, they must allege what action they refrained from taking. But as of now, Plaintiffs have merely concluded that they justifiably relied on Defendants' misrepresentations. For this additional reason, Plaintiffs have failed to state a claim.

Accordingly, Plaintiffs' third theory of fraud is DISMISSED.

### 4. *Fraud by Misrepresenting Plaintiffs' Eligibility for a Loan Modification*

Under the fourth and final theory of fraud, Plaintiffs allege Wells Fargo "falsely represented to Plaintiffs: (1) that Plaintiffs' property value was $885,000 and $960,000; and (2) that Plaintiffs[] did not qualify for modification of a negative NPV." (First Am. Compl. ¶¶ 112–21.) This theory fails for the same reasons as the third theory: (1) Plaintiffs fail to allege with particularity Defendants' misrepresentations, (*Id.* ¶ 113–14); and (2) they fail to allege facts that support the element of justifiable reliance—instead they merely conclude they "justifiably relied upon Defendant [Wells Fargo's] fraudulent misrepresentations," (*Id.* ¶ 116).

For these reasons, Plaintiffs' fourth theory of fraud is DISMISSED.

### C. Third Cause of Action: Cancellation of Instrument

In their third cause of action, Plaintiffs seek cancellation of their deed of trust and promissory note, alleging Defendants forged Plaintiffs' signatures. (First Am. Compl. ¶¶ 122–34.) Nevertheless, Plaintiffs did not allege forgery in their original complaint. (*See* Dkt. No. 1, Ex. A.) Accordingly, they were without leave to add this new cause of action.

Case 2:14-cv-00123-BRO-PLA Document 39 Filed 06/04/14 Page 11 of 14 Page ID #:1684

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

Moreover, Defendants contend this cause of action fails for numerous other reasons. (Mot. 20–22.) For example, they assert that Plaintiffs previously admitted to executing the deed of trust and promissory note. (*Id.* at 20:7–17.) They also argue Plaintiffs' claim is barred by the Truth In Lending Act's 3-year statute of limitations, as well as California's statute of limitations for rescission. (*Id.* 21.) In opposition, Plaintiffs never respond to these contentions, nor even address the third cause of action.

For these reasons, Defendants' motion is GRANTED as to Plaintiffs' third cause of action. This claim is DISMISSED WITH PREJUDICE.

### D. Fourth Cause of Action: Breach of Contract

In their fourth cause of action, Plaintiffs allege that Defendants are liable for breaching a class action settlement agreement. (First Am. Compl. ¶¶ 135–44.) Yet, Plaintiffs never alleged this cause of action in its original complaint, (*see* Dkt. No. 1, Ex. A), and therefore they were without leave to add it to the amended complaint.

Additionally, Defendants contend this Court may not exercise its jurisdiction over the settlement agreement at issue in this cause of action. (Mot. 5–7.) And they support this contention by pointing to one of the settlement agreement's provisions. (*See* First Am. Compl. Ex. D, at § XIV(B).) In the settlement, the parties agreed that the Court—which is defined as the Judge Fogel's Court in the Northern District of California[4]—"shall retain exclusive and continuing jurisdiction over the Lawsuit, the Parties, Settlement Class Members." (*Id.*) Plaintiffs concede this in their opposition. (*See* Opp'n at 4 n.1.)

For these reasons, Defendants' motion is GRANTED with respect to the fourth cause of action. This claim is DISMISSED WITH PREJUDICE as to refiling in this Court, but not as to filing in the Northern District of California.

---

[4] *See* First Am. Compl. Ex. D, at § I(1.15) ("***Court***" means the United States District Court for the Northern District of California, the Honorable Jeremy F. Fogel, currently presiding, or any other court that obtains competent jurisdiction of the Lawsuit.").

Case 2:14-cv-00123-BRO-PLA Document 39 Filed 06/04/14 Page 12 of 14 Page ID #:1685

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-00123 BRO (PLAx)** | Date | June 4, 2014 |
|---|---|---|---|
| Title | **RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL.** | | |

### E. Fifth Cause of Action: Negligence

In their fifth cause of action, Plaintiffs allege Defendants are liable to them for negligence. (First Am. Compl. ¶¶ 145–55.) To state a claim for negligence, a plaintiff must allege five elements: (1) duty; (2) breach of duty; (3) actual cause; (4) proximate cause; and (5) resulting damages. *Berkley v. Dowds*, 152 Cal. App. 4th 518, 526 (2007).

Plaintiffs allege Defendants negligently failed to review their loan modification application, negligently failed to use proper inputs in their loan modification calculus, and negligently handled Plaintiffs' information. (First Am. Compl. ¶ 150(a)–(j).)

Plaintiffs' claim fails for two reasons. First, under California law, "[f]inancial institutions typically do not owe a duty of care to a borrower when its activities do not exceed those of a conventional money lender." *Casault v. Fed. Nat'l Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1130 (C.D. Cal. 2012). And processing a loan modification is merely traditional money lending activity.[5] *Id.* As such, Plaintiffs fail to establish the first element required for negligence. Second, if Plaintiffs are correct that Defendants assumed a duty pursuant to the settlement agreement to provide loan modifications, this Court would not exercise its jurisdiction to hear such allegations because Judge Fogel in the Northern District of California retained exclusive jurisdiction over the settlement agreement. (*See* First Am. Compl. Ex. D, at § XIV(B).)

For these reasons, Defendants' motion is GRANTED as to Plaintiffs' fifth cause of action. This claim is DISMISSED WITH PREJUDICE as to refiling in this Court, but not as to filing in the Northern District of California.

### F. Sixth Cause of Action: Violations of California Business and Professions Code § 17200

In their sixth cause of action, Plaintiffs allege Defendants are liable for violating California Business and Professions Code section 17200. (First Am. Compl. ¶¶ 156–64.)

---

[5] As Defendants indicated in their reply, the California Court of Appeal has recently reaffirmed the holding that a loan modification is a traditional lending activity and therefore does not give rise to any duty under tort law. *Lueras v. BAC Home Loans Servicing LP*, 221 Cal. App. 4th 49, 67–68 (2013).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

Section 17200 creates a cause of action for business practices that are unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code § 17200. "The California Supreme Court has held that section 17200 defines unfair competition very broadly, to include anything that can properly be called a business practice and that at the same time is forbidden by law. By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (internal quotation marks and citations omitted).

Here, Plaintiffs base their allegations under section 17200 on their preceding causes of action. (*See* First Am. Compl. ¶ 159; *see also* Opp'n 23.) Yet, as discussed above, the Court has found every preceding cause of action to be deficient in one way or another. Because Plaintiffs' sixth cause of action is based on deficient claims, it fails as well.

For this reason, Defendants' motion is GRANTED with respect to Plaintiffs' sixth cause of action. This claim is DISMISSED.

### G. Seventh Cause of Action: Declaratory Relief

In their seventh and final cause of action, Plaintiffs seek declaratory relief. (First Am. Compl. ¶¶ 165–72.) Their claim really comprises two separate requests: first, they seek declaratory relief as between them and NDEX, (*id.* ¶¶ 167–68); second, they seek declaratory relief as between them and Wells Fargo, (*id.* ¶¶ 169–70). Each request is deficient, however, because each is based on preceding causes of action that fail to state a claim.

For example, Plaintiffs allege there is an actual controversy between them and NDEX concerning NDEX's right to initiate foreclosure by recording notices of default, substitution of trustee, and trustee's sale. (*Id.* ¶¶ 167–68.) But the Court has already explained that judicially-noticeable documents demonstrate that NDEX acted within its authority to execute and record a notice of default, notwithstanding it did so prior to recording a notice of substitution of trustee. *Supra* pp. 6–7. As such, Plaintiffs fail to allege an actual controversy giving rise to declaratory relief between them and NDEX.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-00123 BRO (PLAx) | Date | June 4, 2014 |
|---|---|---|---|
| Title | RICHARD FRIEDMAN, ET AL. v. WELLS FARGO BANK N.A., ET AL. | | |

Plaintiffs allege there is an actual controversy between them and Wells Fargo concerning (1) the validity of their loan and deed of trust, (2) Wells Fargo's determination that Plaintiffs do not qualify for a loan modification, and (3) Wells Fargo's compliance with the class action settlement agreement. (First Am. Compl. ¶¶ 169–70.) To begin, in their original complaint, Plaintiffs alleged their claim for declaratory relief only as against NDEX, not Wells Fargo. In this regard, Plaintiffs are alleging a new claim, for which they do not have leave. Moreover, in seeking a declaration regarding the validity of their loan and deed of trust, Plaintiffs necessarily rely on their third cause of action for cancellation of instrument, which the Court dismissed because Plaintiffs apparently abandoned it. *See supra* pp. 10–11. Finally, in seeking relief relating to Wells Fargo's review of Plaintiffs' application for a loan modification and its compliance with the class action settlement agreement, they necessarily invoke issues over which the Northern District of California has retained exclusive jurisdiction. *See supra* p. 11; *see also* First Am. Compl. Ex. D.

For these reasons, Defendants' motion is GRANTED with respect to Plaintiffs' seventh cause of action. This claim is DISMISSED WITH PREJUDICE.

## V.     CONCLUSION

In sum, Defendants' motion is GRANTED, and each of Plaintiffs' causes of action is DISMISSED. To the extent the causes of action were not dismissed with prejudice, Plaintiffs are granted leave to amend. Fed. R. Civ. P. 15. Any amended complaint must be filed **no later than Wednesday, June 18, 2014, at 4:00 p.m.** Failure to file an amended complaint by this time will result in dismissal of the entire action for failure to prosecute.

**IT IS SO ORDERED.**

:

Initials of Preparer        rf